UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PARIS PALMER,

    Petitioner,                    Hon. Gordon J. Quist

v.                                                    Case No. 1:15-CV-458

CARMEN PALMER,

    Respondent.
_____/

## OPINION

This matter is before the Court on Petitioner's Motion to Hold Habeas Petition in Abeyance. (Dkt. #12). As discussed herein, Petitioner's motion is **granted**.

On or about March 10, 2010, Petitioner was convicted of first degree murder, armed robbery, unlawful imprisonment, and possession of a firearm during the commission of a felony. (Dkt. #8). Petitioner was sentenced to serve a sentence of life in prison on the murder conviction and lesser sentences on the other convictions. Petitioner unsuccessfully challenged his convictions on both direct and post-conviction review in state court.

Hudson filed the present petition for writ of habeas corpus on April 15, 2015. Petitioner asserts that he has since discovered new evidence which establishes that he was convicted in violation of his constitutional rights. Specifically, Petitioner asserts that he has learned that his trial attorney was, during the course of Petitioner's criminal trial, simultaneously representing the murder victim's brother who was also a prosecution witness. Petitioner asserts that his counsel's conduct violated his Sixth Amendment right to counsel.

While Petitioner could perhaps amend his petition to include this newly discovered (but unexhausted) claim, such would result in the dismissal of his petition. *See Rose v. Lundy*, 455 U.S. 509 (1982). While this would certainly permit Petitioner the opportunity to exhaust his newly discovered claim, because the relevant statute of limitations has long since expired, Petitioner would be prevented from returning to federal court to seek habeas relief. Also, barring circumstances which do not appear to be presently applicable, prisoners are permitted to file only one petition for writ of habeas corpus. *See* 28 U.S.C. § 2244. Thus, as Petitioner appears to understand, his newly discovered claims must be addressed as part of the present habeas petition. Accordingly, Petitioner seeks to stay the present action so that he can return to state court to pursue his denial of counsel claims.

In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion of the petition until the petitioner has exhausted his claims in the state court. *Id.*; *see also Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002); *Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002); *Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002). While the present petition is not technically a mixed petition, the logic and concern underlying the *Palmer* court's decision is equally applicable here.

While the Court *may* stay a habeas action to permit a petition the opportunity to return to state court to properly exhaust a claim, the Supreme Court has warned that such "should be available only in limited circumstances" so as to not undermine the goals of the AEDPA. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Accordingly, granting a request for a stay in such circumstances should be granted only where: (1) Petitioner has demonstrated good cause for his failure to exhaust the claim(s)

at issue; (2) the unexhausted claims are potentially meritorious; and (3) Petitioner has not engaged in intentionally dilatory litigation tactics. *Id.* at 278; *see also*, *Wiedbrauk v. LaVigne*, 174 Fed. Appx. 993, 999 (6th Cir., May 17, 2006). Petitioner has made the requisite showing. Accordingly, the Court hereby **grants** Petitioner's motion to stay the present matter to permit him an opportunity to return to state court to properly exhaust his newly discovered claims, **provided that Petitioner complies with the instructions detailed below**.

## CONCLUSION

Within 30 days of this order, Petitioner must return to state court to exhaust his state court remedies with respect to the newly discovered claims referenced above. Within 45 days of this order, Petitioner must submit to this Court an affidavit setting forth the date on which he filed a motion for relief from judgment in the state court and the claims raised in that motion. If Petitioner fails to file this affidavit within the time provided, the Court will not stay the present matter, but will instead proceed to review the merits of the claims initially asserted. Upon receipt of Petitioner's affidavit, the Court will stay this matter and administratively close this case until Petitioner properly exhausts his unexhausted claims. Once Petitioner has exhausted his state court remedies, he must file an amended petition adding his newly exhausted claims with this Court within 30 days of the final decision by the Michigan Supreme Court, at which point the Court will take up the merits of his petition.

An order consistent with this Opinion will be entered.

Date: November 16, 2015                          /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge