UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————

PARIS DERON PALMER,

        Petitioner,

                                      Case No. 1:15-CV-458

v.

                                      HON. GORDON J. QUIST

CARMEN PALMER,

        Respondent.

————————————————/

## ORDER ADOPTING
## REPORT AND RECOMMENDATION

Petitioner, a state prisoner incarcerated with the Michigan Department of Corrections, filed

a petition for writ of habeas corpus seeking relief as to his convictions of first-degree murder (under

theories of premeditated killing and felony murder); armed robbery; unlawful imprisonment; and

felony firearm.  In his second amended petition, filed on January 30, 2017, Petitioner raised eleven

grounds for relief.   On October 29, 2018, Magistrate Judge Carmody issued a Report and

Recommendation ( R & R) recommending that the Court deny Petitioner's petition for writ of habeas

corpus and deny a certificate of appealability.

The magistrate judge reviewed Petitioner's claims on the merits,[1] summarizing them as:  (1)

sufficiency of the evidence as to Petitioner's convictions for felony murder and premeditated killing;

(2) the in-court and photographic identifications of Petitioner violated his right to due process; (3)

juror bias denied Petitioner a fair and impartial trial; (4) the trial court's jury instructions deprived

---

[1]The magistrate judge observed that claims III–IX were potentially subject to denial on grounds of procedural default but elected to reach the merits, as procedural default raised more issues than the claims on the merits.  (ECF No. 37 at PageID.2200.)  Petitioner raises no objection as to the magistrate judge's decision to dispense with the procedural default analysis.

Petitioner of his right to due process; (5) prosecutorial misconduct deprived Petitioner of due process; and (6) ineffective assistance of his trial and appellate counsel.

Petitioner has filed Objections to the R & R. (ECF No. 38.) Pursuant to 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, Petitioner's Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

## I. *Sufficiency of the Evidence*

The magistrate judge reviewed Petitioner's sufficiency of the evidence claims (habeas issues I and II) under the well-known standard set forth in *Jackson v. Virginia* , 443 U.S. 307, 99 S. Ct. 2781 (1979). Petitioner argued that his convictions for felony murder and the predicate felony of armed robbery lacked sufficient evidence of his intent to take (and destroy) one or more of the victims' cell phones. Alternatively, or in addition, Petitioner argued that the prosecution failed to present sufficient evidence of premeditation. The magistrate judge concluded that the Michigan Court of Appeals factual determinations regarding Petitioner's intent were reasonable and that its sufficiency of the evidence determination was neither contrary to, nor an unreasonable application of, *Jackson*. (ECF No. 37 at PageID.2194–95.) As for evidence of premeditation, the magistrate judge also concluded that the Michigan Court of Appeals' conclusion was neither contrary to, nor an unreasonable application of, *Jackson* because there was testimony that Petitioner said to "get the fat one" (Romano) and to "kill them all," and the evidence showed that Petitioner walked Romano down the driveway with the gun to Romano's head and pulled the trigger. (*Id.* at PageID.2195–96.) The Court concurs with these conclusions.

In his Objections, Petitioner minimizes the evidence that he told Turman to check Dimas's

pocket for a cell phone and that Petitioner himself asked Dimas whether he had a cell phone. Petitioner suggests that nothing that occurred after that point is attributable to him. (ECF No. 38 at PageID.2245.) This argument lacks merit. As the Michigan Court of Appeals found, the jury could have reasonably found that Petitioner encouraged—in fact intended—Turman to take and permanently deprive Dimas of his cell phone when he asked Turman to check Dimas's pocket for a cell phone. "[T]he question before this Court is not whether the jury somehow erred in the factual conclusions it reached, but whether the State presented to the jury sufficient evidence." *Truitt v. Bunting*, No. 5:12 CV 1835, 2013 WL 5820283, at *6 (N.D. Ohio Oct. 29, 2013). Petitioner has not shown that the Michigan Court of Appeals' conclusion was contrary to, or an reasonable application of, *Jackson*. Moreover, as to premeditation, Petitioner fails to show that the magistrate judge erred in concluding that evidence of what Petitioner said during the commission of the crime permitted the jury to draw an inference of premeditation.

## II. *Pretrial Photographic Lineups/In-Court Identifications*

The magistrate judge concluded that Petitioner's claims based on the in-court identifications and photographic lineups lacked merit. As to the in-court identifications, the magistrate judge noted that Petitioner failed to demonstrate "improper law enforcement activity," which must be shown before due process considerations apply. (ECF No. 37 at PageID.2201 (citing *Perry v. New Hampshire*, 565 U.S. 228, 232–33, 132 S. Ct. 716, 721 (2012)). As for the photo lineup, the magistrate judge noted that Petitioner failed to demonstrate that the photo lineup was impermissibly suggestive and that Petitioner has no federal constitutional right to counsel at a photographic lineup. (*Id.* at PageID.2202–03.)

Although Petitioner objects to the magistrate judge's conclusion on these issues, Petitioner fails to show that the magistrate judge erred in her analysis. Petitioner's only argument is that the

magistrate judge conceded that the identifications of Petitioner were suggestive. (ECF No. 38 at PageID.2247.) But as the magistrate judge noted, to give rise to a due process violation, an identification must be "impermissibly suggestive," *see Simmons v. United States*, 390 U.S. 377, 384, 88 S. Ct. 967, 971 (1968), not merely suggestive. Petitioner offers no basis to reject the magistrate judge's conclusion that the photo lineups did not meet this standard.

### III. *Juror Bias*

Petitioner argued that he was deprived of a fair trial due to bias by Juror 13. After setting forth the colloquy between Juror 13, the trial court, and defense counsel, the magistrate judge noted that there were three potential sources of bias—Juror 13's acquaintance with a potential witness, his family relationship with a member of the police force that investigated the crime, and his daughter was a victim of an assault several years before Petitioner's trial. (*Id.* at PageID.2206.) The magistrate judge noted that the first source of bias never came to fruition as the potential witness never testified, and Petitioner's counsel was apparently satisfied with Juror 13's answers that the remaining circumstances would not influence his view of the evidence or cause him to give greater weight to the testimony of law enforcement witnesses. The magistrate judge observed that the trial court was also satisfied with Juror 13's answers and found no need to excuse Juror 13 for bias, and that Petitioner failed to present any evidence to show that the trial court should not have believed Juror 13.

Petitioner cites no evidence in his Objections undermining the trial court's factual determination. Instead, he argues that the presumption of correctness under 28 U.S.C. § 2254(e)(1) does not apply because the state court did not make a factual determination. Petitioner is wrong. Having heard Juror 13's answers, the trial court found no basis to exclude him from the jury. "A trial court's finding of impartiality is a factual determination entitled to 28 U.S.C. § 2254(e)'s

presumption of correctness." *Williams v. Bagley*, 380 F.3d 932, 944 (6th Cir. 2004). Petitioner offers no evidence to show that the trial court's finding was not correct.

## IV. *Jury Instructions*

Petitioner argued that the trial court's jury instructions violated his right to due process in two respects. First, Petitioner argued that the trial court misled the jury by including an aiding and abetting theory on the open murder charge. Second, Petitioner argued that the trial court should have instructed the jury on statutory involuntary manslaughter under M.C.L. § 750.329 as a lesser included offense of the open murder charge. As to the aiding and abetting instruction, the magistrate judge observed that because aiding and abetting was part of the prosecution's theory regarding the felony-murder charge, the trial court's instruction was accurate and did not render Petitioner's trial unfair. (*Id.* at PageID.2209.) Regarding the statutory involuntary manslaughter instruction, the trial court concluded that a rational view of the evidence did not support an instruction as to that offense. The trial court reasoned that statutory involuntary manslaughter was not a lesser included offense of murder because it required proof of elements that were not part of the theories of murder in the case, and the evidence did not support these additional elements. The magistrate judge concluded that the trial court's conclusion was "entirely reasonable on the record," and, for habeas purposes, the state-court's determination of an issue of state law would be "'axiomatically correct.'" (*Id* at PageID.2215 (quoting *Bagby v. Sowders*, 894 F.2d 792, 797 (6th Cir. 1990)).

Petitioner again maintains his objections regarding both instructions, but the Court concurs with the magistrate judge's conclusion. First, the magistrate judge was correct that the aiding and abetting instruction was accurate because aiding and abetting was part of the prosecution's felony-murder theory. Petitioner fails to show that the instruction rendered his trial unfair. Second, as to the statutory involuntary manslaughter instruction, Petitioner argues that the magistrate judge's

5

reliance on *Bagby v. Sowders*, 894 F.2d 792 (6th Cir. 1990), is misplaced because in *Bagby*, the Kentucky Supreme Court reviewed the jury instruction issue, while the Michigan Supreme Court did not do so in this case. But such difference does not undermine the magistrate judge's reasoning. The Supreme Court has held that a jury instruction that is incorrect under state law is not, alone, a basis for habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 71–72, 112 S. Ct. 475, 482 (1991). Rather, the petitioner must show the instruction "so infected the entire trial that the resulting conviction violates due process." Id. at 72, 112 S. Ct. at 72 (internal quotation marks omitted). Petitioner has not made that showing, nor has he demonstrated that the state court's determination that the evidence did not support the instruction was contrary to, or an unreasonable application of, clearly established Supreme Court law.

## IV. *Prosecutorial Misconduct*

Petitioner claimed that the prosecutor's misconduct deprived him of a fair trial by: (1) arguing facts not in evidence—that Petitioner and the victim, Romano, had previous dealings with each other; (2) bolstering/vouching for witness Leroy Glenn through a series of questions concerning his plea agreement; (3) impermissibly commenting on Petitioner's failure to testify; (4) failing to correct perjured testimony of the victims; (5) and misstating the reasonable doubt standard during *voir dire*. The magistrate judge concluded that the state court's findings in rejecting each of these arguments were reasonable and not contrary to, or an unreasonable application of, clearly established Supreme Court law.

Petitioner takes issue with each of these conclusions and again argues that the prosecutor's misconduct warrants habeas relief. The Court disagrees. The magistrate judge did not err in concluding that Plaintiff's claims of prosecutorial misconduct are meritless.

# VI. *Ineffective Assistance of Counsel*

Petitioner argued that his trial counsel was ineffective for failing to impeach the victim witnesses with their prior inconsistent statements or object to the perjurious testimony; failing to move to suppress the in-court identifications and pretrial photographic lineup; failing to use a peremptory challenge to remove Juror 13 for bias and to object to the prosecutor's watered-down reasonable doubt standard; failing to obtain an expert witnesses regarding blood spatter and eyewitness identification; and representing Petitioner while subject to a conflict of interest. Petitioner further argued that his appellate counsel was ineffective for failing to raise the identification, biased juror, instruction, prosecutorial misconduct, and ineffective assistance of trial counsel issues discussed above on appeal. The magistrate judge concluded that Petitioner's ineffective assistance of trial counsel claims lacked merit either because Petitioner failed to demonstrate deficient conduct by his counsel or because he failed to demonstrate prejudice. (ECF No. 37 at PageID.2230–37.) As for ineffective assistance of appellate counsel, the magistrate judge concluded that counsel could not have been ineffective for failing to raise meritless arguments. (*Id.* at 2237–38.)

Petitioner raises each of his ineffective assistance arguments again in his Objections. However, the magistrate judge's conclusions and findings were well supported and reasonable, and Petitioner provides no persuasive reason to reject them. In short, Petitioner fails to show that his counsel's representation was contrary to *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984).

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit

has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claims was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued October 29, 2018 (ECF No. 37) is **APPROVED AND ADOPTED** as the Opinion of this Court. Petitioner's Objection (ECF No. 38) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition and amended habeas corpus petition (ECF Nos. 1, 24) are **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

This case is **concluded**.

A separate judgment will enter.


Dated: March 29, 2019                              /s/ Gordon J. Quist       
                                                GORDON J. QUIST
                                       UNITED STATES DISTRICT JUDGE